IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Clarence Scott Miller, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Officer Manning, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 6:17-cv-1898-TMC<br><br>**ORDER** |

Plaintiff Clarence Scott Miller, a state prisoner, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. Plaintiff subsequently obtained counsel. (ECF No. 36). On January 23, 2019, Defendant Manning filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 66). Plaintiff filed a memorandum in opposition to summary judgment, (ECF No. 68), and Defendant filed a reply, (ECF No.70). On July 3, 2019, the magistrate judge issued a Report and Recommendation (the "Report") recommending that the court deny Defendant's motion for summary judgment. (ECF No. 72 at 9). The parties, who are both represented by counsel, were advised of their right to file objections to the Report. *Id*. at 10. Neither party filed objections to the Report, however, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 72) and incorporates it herein by reference. Therefore, the court **DENIES** Defendant's motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 66).

**IT IS SO ORDERED.**

                                                        s/Timothy M. Cain
                                                      United States District Judge

August 1, 2019
Anderson, South Carolina